UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

01 DEC 20 AM 9:41

CASE NO. 00-8616-CIV

(SOUTHERN DISTRICT OF NEW YORK)

WORLD WRESTLING FEDERATION
ENTERTAINMENT, INC., a Delaware
corporation,

    Plaintiff,

vs.

L. BRENT BOZELL, III, an individual;
MEDIA RESEARCH CENTER, INC., a
Virginia non-profit corporation, d/b/a PARENTS
TELEVISION COUNCIL; PARENTS TELEVISION
COUNCIL, INC., a Delaware non-profit corporation;
JAMES LEWIS, an individual; MARK HONIG, an
individual; CYNTHIA DELORES TUCKER, an
individual; and VARIOUS JOHN and JANE DOES,

    Defendants.

_____/

**01-7913**
**CIV - HURLEY**
**MAGISTRATE JUDGE LYNCH**

NIGHT BOX
FILED

DEC 20 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### RICHARD L. ROSENBAUM, ESQ.'S MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

COMES now a non-party deponent, RICHARD L. ROSENBAUM, ESQ. by and through his undersigned counsel, and respectfully requests this Court enter a Protective Order precluding the Plaintiff, WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., from obtaining documents pursuant to the Subpoena Duces Tecum issued to a non-party witness, RICHARD L. ROSENBAUM, ESQ. and as grounds and in support thereof states as follows:

PERS-GMB 341962.1

## I. BACKGROUND

The Plaintiff, WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., served a Subpoena on RICHARD L. ROSENBAUM, ESQ. on December 13, 2001.

RICHARD L. ROSENBAUM, ESQ. is one of the appellate attorneys for Lionel Tate, a child convicted of first degree murder for an act which occurred when Lionel Tate was 12 years of age.

Lionel Tate was represented at trial by Defendant, James Lewis, Esquire. After Lionel Tate's conviction, RICHARD L. ROSENBAUM, ESQ. first appeared as appellate counsel.

Lionel Tate's direct appeal to the Fourth District Court of Appeal, State of Florida, is pending. His Initial Brief is presently due to be filed on or before January 4, 2002.

The Subpoena issued "commanded" the production, inspection and copying of a multitude of documents obtained or compiled in the defense of Lionel Tate.

## II. GROUNDS

As grounds and in support of this Motion, The non-party deponent states as follows:

1) The Subpoena issued should be quashed and/or modified as it:

   a. Requires disclosure of privileged or other protected matter and no exception or waiver applies;

   b. Subjects RICHARD L. ROSENBAUM, ESQ. to undue burden;

    c.    Requests production of items that are readily available from other sources;

    d.    Fails to allow a reasonable time for compliance.

2) The materials sought by the Plaintiff are confidential and protected by the attorney/client privilege. The same were acquired by Lionel Tate's trial counsel during the course and scope of representation, and production thereof cannot be compelled at this juncture.

3) The materials sought by the Plaintiff are the work product of Lionel Tate's defense counsel.

4) Lionel Tate has not waived his rights under the attorney/client privilege.[1]

5) RICHARD L. ROSENBAUM, ESQ. is presently unable to provide the information set forth in Instruction No: 2, which demands compilation of information from all privileged documents including information concerning:

"a.    The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

b.    The date of the document or transaction involving the information;

c.    Identification of the author and/or all participants with respect to the information;

---

[1] An in-court discussion was held prior to sentencing as to whether Lionel Tate was even competent to waive his rights to the attorney/client privilege. A copy of the Colloquy which ensued, and the Proffer by defense counsel and experts that Lionel Tate was not competent to proceed are attached hereto as Exhibit "A" and incorporated herein by reference.

    d.    Identification of the signatory or signatories of the document, if any;

    e.    Identification of the document's current custodian;

    f.    The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

    g.    A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld."

6) The vast majority of documents sought to be produced are documents equally available to the Plaintiff from other sources. Most, if not all of those sources, are the person or entities that originated the same. For example, the Plaintiff improperly seeks from this non-party:

"1.    .....any and all documents generated by <u>any law enforcement agency</u> concerning ......Tiffany Eunick;

2.    .....any and all documents generated by <u>any emergency medical services</u> agency concerning.....Tiffany Eunick;

3.    .....any and all documents generated by <u>any fire department</u> concerning .....Tiffany Eunick;

4.    .....any and all documents generated by <u>any hospital or other medical facility</u> concerning .....Tiffany Eunick;

5.    .....any and all documents generated by <u>any medical examiner's office or coroner's office</u> concerning.....Tiffany Eunick."

7) Further, the Plaintiff seeks production of any and all written or recorded statements of any witnesses in this matter. Clearly, any such statements would have

Case 0:01-cv-07913-DTKH   Document 1   Entered on FLSD Docket 12/21/2001   Page 5 of 15

either been forwarded by the State pursuant to its obligations under Rule 3.220, Florida Rules of Criminal Procedure, or would have been obtained by the defense and would thus be "work product."

8)   Good cause exists to warrant quashing or modifying the Subpoena, or for entry of a Protective Order.

9)   The instant Subpoena subjects RICHARD L. ROSENBAUM, ESQ. to undue burden and expense.  The LAW OFFICES OF RICHARD L. ROSENBAUM is a small, two-person firm, with RICHARD L. ROSENBAUM and a young associate, as well as secretarial staff.  Although RICHARD L. ROSENBAUM is "of counsel" to a larger firm, RICHARD L. ROSENBAUM, ESQ. has been expending substantial pro bono time, efforts and energies on Lionel Tate's Application for Clemency to the Governor of the State of Florida, as well as preparing Lionel Tate's Initial Brief on Appeal.  The due date for the filing of Lionel Tate's Initial Brief quickly approaches.  To require RICHARD L. ROSENBAUM, ESQ. to review and categorize for the Plaintiff in this civil case documents which are easily obtainable from other more qualified record custodians, shall require RICHARD L. ROSENBAUM, ESQ. to disclose privileged materials of his client, Lionel Tate, and shall unduly burden, hampering Lionel Tate's appeal.

10)   Time is of the essence for Lionel Tate.  His "date in appellate court" is quickly approaching.  The instant Subpoena shall only serve to muzzle Lionel Tate's evidence of innocence - in no way related to the Plaintiff, WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., or the issues raised in this civil case.

PERS-GMB 341962.1                                   5

11) RICHARD L. ROSENBAUM, ESQ. is unable to comply with the Subpoena issued based upon a previously scheduled irreconcilable conflict. Specifically, RICHARD L. ROSENBAUM, ESQ.'S attendance is required in Federal District Court in West Palm Beach, Florida at the same time the instant Subpoena is returnable, December 21, 2001, at 10:00 A.M. As Sentencing is in West Palm Beach, and the deposition in this case is scheduled at the same time in Miami, Florida, RICHARD L. ROSENBAUM, ESQ. is unable to "be in two places at once," requiring issuance of a Protective Order.

12) Even if RICHARD L. ROSENBAUM, ESQ. were available to attend the instant deposition, RICHARD L. ROSENBAUM, ESQ. as a non-party to these proceedings, he is entitled to have the Subpoena quashed or a Protective Order entered based upon a plethora of reasons set forth herein.

13) In the event this Honorable Court denies RICHARD L. ROSENBAUM, ESQ.'S Motion to Quash or, in the Alternative, for Protective Order, RICHARD L. ROSENBAUM, ESQ. requests that he be given a reasonable time period in which to have the requested materials assembled. Further, he requests that the Plaintiff reimburse costs expended and that a reasonable sum be paid to reimburse RICHARD L. ROSENBAUM, ESQ. for the utilization of office personnel to comply with the request, in whole or in part.

## ARGUMENT

A party may request a court to quash a subpoena pursuant to Federal Rule of Civil Procedure 45(C) (3)(A), which provides in pertinent part:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ...
>
>> (i) fails to allow reasonable time for compliance
>
> \* \* \*
>
>> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>>
>> (iv) subjects a person to undue burden.

Furthermore, a party may seek a protective order pursuant to Federal Rule of Civil Procedure 26(c), which provides in pertinent part:

> Upon motion by a party . . . the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \* \* \*
>
> (1) that the disclosure or discovery not be had;
>
> \* \* \*
>
> (4) that matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

The documents sought by way of the instant Subpoena are protected pursuant to attorney/client privilege.

An attorney/client privilege may be invoked by a lawyer on behalf of his client. See Fischer v. United States, 425 U.S. 391, 402, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); United States v. Juarez, 573 F.2d 267, 276 (5th Cir.)(explaining Fischer), cert denied, 439 U.S. 915, 58 L.Ed.2d 262, 99 S.Ct. 289 (1978). Confidential disclosures by a client to an

attorney made in order to obtain legal assistance are privileged. Thus, when the client himself would be privileged from production of the document, either as a party at common law or as exempt from self-incrimination, the attorney having possession of the document is not bound to produce. See Fischer at 391. The reasoning behind attorney/client privilege is so that the relation between a lawyer and client is comfortable and, thus, the client feels absolutely free to divulge everything connected with this case to his lawyer to assist the latter in preparing for the representation. Clearly, the relationship would be seriously weakened if a client had to fear that his lawyer could disclose to a party the identity of the client's records that he has used or is using to build his case. See United States v. Henkins, 631 F.2d 360 (5th Cir.1980).

The attorney/client privilege would be undermined if people were required to confide in lawyers at the peril of compulsory disclosure every time an opposing party decided to subpoena the attorney. Id. at 360. Additionally, to obtain discovery of work products, there must be an unusually strong showing of good cause to justify discovery of such writings. See Campbell v. Eastland, 307 F.2d 478 (U.S. Ct. of App. 5th Cir. 1962). The work product privilege applies to materials prepared to aid an anticipated or pending litigation. It protects the ideas, legal theories, opinions and mental impressions of attorneys formulated in connection with preparation for trial. See Gutter v. E.I. Dupont DDE Nemours & Co., 1998 U.S. Dist. LEXIS 23207; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947). Additionally, the concept of subject matter waiver does not apply to work product privilege. See Cox v. Administrator, 17 F.3d 1386 (11th Cir. 1994); In Re Martin Marietta Corp., F.2d 619 (4th Cir. 1988). If a document in questions clearly

requests or gives legal advice, or contains traditional work product information, it is protected from disclosure. See Great Plains Mut. Ins. Co., Inc. v. Mutual Reinsurance Bureau, 150 F.R.D. 193 (U.S.D.C. Kan. 1993).

If a client transfers documents to his attorney for purposes of obtaining legal advice, the document cannot be obtained by Subpoena by reason of attorney/client privilege. See Heddon v. State, 786 So.2d 1262 (Fla. 2nd DCA 2001); Fisher v. United States, 425 U.S. 391, 402-405, 48 L.Ed.2d 39, 96 S.Ct. 1569 (1976). The attorney/client privilege is possessed by the client. See, e.g., Sec. 90.502(2), Fla. Stat. (1997). The attorney/client privilege protects a defendant's constitutional right to legal representation. See Rogers v. State, 742 So.2d 827 (Fla. 2nd DCA 1999).

Furthermore, opinion work product involves a lawyer's impressions, conclusions, opinion and theories of a client's case. Opinion work product is an absolute privilege. See Horning-Keating v. State, 777 So.2d 438 (Fla. 5th DCA 2001). Bare assertions of need and undue hardship are insufficient to require the production of work product. A showing of need and undue hardship must include specific explanations and reasons; unsworn assertions of counsel are insufficient. The burden is on the party seeking discovery to demonstrate need and undue hardship. See Horning-Keating at 438.

The attorney-client privilege protects communications between attorney and client from disclosure where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence

of strangers (c) for the purpose of securing primarily either (i) an opinion on law (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

United States v. Jones, 517 F.2d 666, 670 (5th Cir.1975); (quoting United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D.Mass.1950)). See also 4 J. Moore, Moore's Federal Practice § 26.60[2], at 26-193 (1989).

Additionally, the rules regulating The Florida Bar, Chapter 4, Rules of Professional Conduct, make clear the professional responsibilities of an attorney to a client. Specifically, Rule 4-1.6 states:

> "A lawyer shall not reveal information relating to representation of a client....unless the client consents after disclosure to the client."

The comment to Rule 4-1.6 also states:

> "The observance of the ethical obligation of the lawyer to hold inviolate confidential information of the client....encourages people to seek early legal assistance....a fundamental principle and the client-lawyer relationship is that the lawyer maintain the confidentiality of information relating to the representation...the attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client....The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information...."

The work product rule protects work done by an attorney in anticipation of or during litigation from disclosure to any party. See In Re Grand Jury Subpoena, ____ F.3d ____ (1st Cir. November 8, 2001) [2001 U.S. App. LEXIS 24064]. The rule facilitates zealous advocacy in the context of an adversarial system of justice by ensuring that "the sweat of

an attorney's brow is not appreciated by the opposing party." Hickman vs. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947).

Clearly, RICHARD L. ROSENBAUM, ESQ. has an ethical and legal obligation to Lionel Tate not to disclose or reveal privileged material. That material includes all "work product" turned over to RICHARD L. ROSENBAUM, ESQ. from Lionel Tate's trial counsel, JAMES LEWIS. Accordingly, the Subpoena issued should be quashed and/or a Protective Order entered.

Moreover, a party must serve subpoenas pursuant to Rule 45 (b)(1), which provides in pertinent part:

> (1) A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person ... Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

[Emphasis added]

Rule 5(b) specifically provides in pertinent part:

> (b) Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court.

[Emphasis added]

Accordingly, the Federal Rules of Civil Procedure mandate that prior notice of the service of a subpoena duces tecum must be served on each party, even if the subpoena duces tecum is directed towards a non-party witness. Such procedure was ignored at bar,

as the Plaintiff failed to notify the Defendants of the instant subpoena prior to issuance thereof.

It is well settled that a party may be subject to a protective order if it issues a subpoena that neither limits the scope of the demand to a reasonable time period nor specifies the documents requested with reasonable particularity. See also State Theatre Co. v. Tri-States Theater Corp., 11 F.R.D. 381 (D. Neb. 1951)(quashing subpoena duces tecum since documents failed to be reasonably designated). Additionally, to determine whether a subpoena imposes upon a witness an undue burden, a court must determine the relevance of the documents requested, the need of the party requesting the documents, the breadth of the demand, and the specificity of the time period the documents requested. Concord Boat Corporation v. Brunswick Corp., 169 F.R.D. 44, 50 (S.D. NY 1996).

The Subpoena served on RICHARD L. ROSENBAUM, ESQ. violates the Federal Rules of Civil Procedure, particularly the notice requirements contained in Rule 45. WORLD WRESTLING FEDERATION ENTERTAINMENT, INC. failed to serve a notice of the Subpoena upon the parties or upon their counsel, thereby causing the Subpoena to be fatally defective.

Notwithstanding the failure of the Subpoena to reasonably designate the documents demanded, such as by specific category, the Subpoena fails to include any reference or indication of a time period for which the documents are to be produced. Moreover, the over broad nature of the Subpoena will ultimately allow production of documents that will fail to even meet the standard of relevancy. See Concord Boat Corporation v. Brunswick

Corp., 169 F.R.D. at 50 (finding that the subpoena issued to financial services company was over broad, since the requests would guarantee "to produce information that would not even meet the broad standard of relevancy [underlying the discovery rules]." citing U.S. v. Int'l Bus. Ach. Corp., 72 F.R.D. 78, 83 (S.D.N.Y. 1976)).

Likewise, the Subpoena shall result in the disclosure of documents that are protected attorney/client privileged documents. To the extent that WORLD WRESTLING FEDERATION ENTERTAINMENT, INC. seeks the production of documents which would not otherwise be discoverable based upon privilege and work product, discovery should not be permitted.

The undersigned counsel has conferred with counsel for the Plaintiff, WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., in a good faith effort to resolve the issues raised in this Motion and has been unable to do so. In addition, the undersigned has contacted the counsel for Party, JAMES LEWIS, who has no objection to the relief requested in the instant Motion.

## CONCLUSION

For all the reasons set forth herein, non-party witness, RICHARD L. ROSENBAUM, ESQ. respectfully requests that this Court enter an Order precluding Plaintiff, WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., from having any access to Party JAMES LEWIS' documents, together with such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **20th day of December, 2001**, a true and correct copy of the foregoing was furnished by facsimile to DANIEL A. CASEY, ESQUIRE, KIRKPATRICK & LOCKHART LLP, Miami Center, 201 South Biscayne Boulevard, 20th Floor, Miami, FL 33131.

> LAW OFFICE OF STEPHEN ZUKOFF, ESQ.
> COUNSEL FOR RICHARD ROSENBAUM
> 19 WEST FLAGLER STREET
> SUITE 510
> MIAMI, FL 33130
> TELEPHONE: (305) 374-4331
> FLA. BAR NO: 0177061
>
> _____
> STEPHEN M. ZUKOFF

# CIVIL COVER SHEET

01-7913

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
WWF, a Delaware corp.

**DEFENDANTS**
L. Brent Bozell, III, et al

**CIV - HURLEY**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE LYNCH**

NIGHT BOX FILED DEC 20 2001

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel Casey, Esq.
201 S. Biscayne Blvd, 20th floor
Miami, FL 33131

ATTORNEYS (IF KNOWN)

CLARENCE MADDOX CLERK, USDC/SDFL/FTL

0:01cv7913 DTKH/Lynch

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) | | |
|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | | PTF DEF | PTF DEF |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of This State ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| | | Citizen of Another State ☒ 2 ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI 405(g) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**LENGTH OF TRIAL**
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 12/20/01

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**
RECEIPT # 324080 AMOUNT 30 cf APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____