UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 01-7913-CIV-HURLEY

CASE NO. 00-8616-CIV
(SOUTHERN DISTRICT OF NEW YORK)

WORLD WRESTLING FEDERATION
ENTERTAINMENT, INC., a Delaware
corporation,

       Plaintiff,

vs.

L. BRENT BOZELL, III, an individual;
MEDIA RESEARCH CENTER, INC., a
Virginia non-profit corporation, d/b/a PARENTS
TELEVISION COUNCIL; PARENTS TELEVISION
COUNCIL, INC., a Delaware non-profit corporation;
JAMES LEWIS, an individual; MARK HONIG, an
individual; CYNTHIA DELORES TUCKER, an
individual; and VARIOUS JOHN and JANE DOES,

       Defendants.

_____/



### RICHARD L. ROSENBAUM, ESQ.'S NOTICE OF FILING
### EXHIBIT 'A' TO MOTION TO QUASH

COMES now a non-party deponent, RICHARD L. ROSENBAUM, ESQ. by and through his undersigned counsel, and files the following:

1.     Exhibit "A" - Excerpt of a post trial hearing conducted on March 2, 2001 in which Lionel Tate expressly refused to waive attorney/client privilege.



PERS-GMB 341962.1

I HEREBY CERTIFY that on this **26th day of December, 2001**, a true and correct copy of the foregoing was furnished by facsimile to DANIEL A. CASEY, ESQUIRE, KIRKPATRICK & LOCKHART LLP, Miami Center, 201 South Biscayne Boulevard, 20th Floor, Miami, FL 33131.

>                    LAW OFFICE OF STEPHEN ZUKOFF, ESQ.
>                    COUNSEL FOR RICHARD ROSENBAUM
>                    19 WEST FLAGLER STREET
>                    SUITE 510
>                    MIAMI, FL 33130
>                    TELEPHONE: (305) 374-4331
>                    FLA. BAR NO. 0177061
>
>                    _____
>                    STEPHEN M. ZUKOFF

```
00048
 1   significant problem the entire time he's been in Broward
 2   County jail to this day?
 3            Mr. Lewis:  Objection, judge.
 4            THE COURT:  Sustained.
 5            Mr. Padowitz:  No further questions.
 6            Mr. Lewis:  Nothing further.
 7            THE COURT:  May I ask, doctor, do you consider
 8   your testing less or equal as far as time and scope
 9   that was administrated in jail?
10            THE WITNESS:  My testing took more time and was
11   more extensive but testing that was administered in
12   jail was a reasonable or appears to be reasonable
13   assessment of academic achievement.  My testing
14   included intelligence, memory adaptive behavior so
15   they address different aspects.
16            THE COURT:  Thank you.
17            Next witness?
18            Mr. Padowitz:  Judge, I need to speak with
19   Mr. Rosenbaum.
20            THE COURT:  Go ahead.
21            Mr. Rosenbaum:  Judge, can I have a two minute
22   break.  I either have one more witness or I'm done.
23            THE COURT:  Thank you.  Let's take a couple
24   minutes break.
25            Mr. Rosenbaum:  Could Lionel talk with his
```

"A"

00049
1  mother?
2  THE COURT: Permission from who?
3  Mr. Rosenbaum: Authorizing me to either call my
4  next witness or not call my next witness.
5  THE COURT: You lost me.
6  Mr. Rosenbaum: If mom can talk to her son?
7  THE COURT: I'm not going to prohibit that.
8  Mr. Rosenbaum: Okay.
9  THE COURT: Mr. Padowitz has no objection, just
10 no handbag.
11 Dr. Butts: Thank you, judge.
12 (Thereupon, a short break was taken; afterwhich
13 the following proceedings were had:)
14 The Bailiff: Please be seated.
15 THE COURT: Let the record reflect the defendant
16 is present with counsel, State's present.
17 Ready to continue?
18 Yes, Mr. Rosenbaum.
19 Mr. Rosenbaum: Your Honor, at this point in
20 time, based on my conversation with Lionel's mother, I
21 would renew my request for a competency evaluation.
22 We're at a crucial stage and discussing waiving
23 important constitutional rights, and Lionel has no
24 clue what we're talking about. I don't do a lot of
25 juvenile cases. I'm an appellate lawyer. But I'm not

00050
1  sure who's permission I need at this point to call my
2  next witness who is a crucial witness.
3      Mom instructed me not to call the witness.
4  Lionel defers to his mother; but, judge, I don't
5  believe the people are making necessarily decisions
6  that are in Lionel's best interest. And since he's --
7      THE COURT: You have one client. Your client is
8  to your right. If he decided he wants to concede to
9  his mother's wishes and he tells you that, you listen
10 to what your client tells you.
11     Mr. Rosenbaum: But she's clueless. I need a
12 doctor to talk to find out what she wants me to do.
13 This is a key, crucial portion, it's whether I'm
14 calling his trial lawyer to the stand. And what I
15 want, waiver under 90.501, it's complicated. It
16 involves case law, and I'm not getting through.
17     I have a degree in psychology. I'm not licensed
18 to do that and I read people that way.
19     Mr. Padowitz: Judge, I think that's a somewhat
20 gratuitous statement from defense counsel in light
21 that they had a psychologist, Dr. Spencer; a
22 psychiatrist, Dr. Klass; and psychologist,
23 Dr. Wittenberg who were part of the defense team for
24 an entire year.
25     And Dr. Spencer, who stated under oath in other

00051
1  cases, that he's able to evaluate for certain mental
2  conditions in a matter of two minutes and at most five
3  minutes, had access to the defendant an entire year
4  and never indicated to defense counsel, Mr. Lewis,
5  that competency evaluation needed to be done.
6      Well I can proffer to the court based upon
7  motions I filed with the court that Dr. Sherrie
8  Bourg-Carter is ready to come in and testify about her
9  competency evaluation that she did with full knowledge
10 of the defendant, his mother and defense attorney,
11 with their full agreement with Dr. Spencer as agent
12 for defense;
13     That they did an evaluation and in her opinion,
14 having done many, many of these as forensic
15 psychologist in Broward County, that the defendant is
16 in fact competent at this late stage;
17     After the defendant has had over a year to
18 prepare for trial, to put up the trial itself while
19 twelve members of the community were convinced beyond
20 a reasonable doubt that the defendant was guilty as
21 charged;
22     To now come in and attempt to undo the work of
23 these twelve jurors by saying the defendant is not
24 competent;
25     And the defendant is not going - according from

00052
```
 1      in jail - clearly gets in trouble chasing somebody,
 2      trying to stab them.
 3           Mr. Rosenbaum:  This has nothing to do --
 4           Mr. Padowitz:  He's chasing another inmate with a
 5      pencil and tries to stab --
 6           Mr. Rosenbaum:  Objection.
 7           THE COURT:  Overruled.
 8           Mr. Padowitz:  He's confrontational with
 9      detention deputies.  He asks for his lawyers.  He
10      knows enough in jail to ask for legal counsel when
11      he's in trouble.
12           There's no indication that he's not competent.
13      And there's a psychologist that court can hear from
14      that did a psychological evaluation in this matter.
15           THE COURT:  Well that is then.  What they're
16      saying is now is now.  I don't recall testimony as of
17      the date of Dr. Carter's evaluation.  But what we're
18      not too proud of the back in '95, we're talking the
19      2nd day of March, year 2001.
20           Mr. Padowitz:  I would suggest to the court if
21      counsel has a genuine concern about competency
22      evaluation being done to today's testimony of the
23      defendant, that the first thing they should have done
24      is come before the court and ask for a competency
25      evaluation.  They did not do that.
```

00053

```
 1          They wait until this late hour, in the middle of
 2     hearing - on the second day of this hearing for motion
 3     for new trial, and now present to the court that the
 4     defendant is not competent and they want an evaluation
 5     - which I suggest is done for the purpose of delaying
 6     this sentencing which is set for next Friday.
 7          THE COURT:  It's not going to delay the
 8     sentencing, unless he's truly incompetent.
 9          Mr. Rosenbaum:  Judge, if I could respond
10     briefly?
11          THE COURT:  Sure.
12          Mr. Rosenbaum:  First of all I wouldn't
13     intentionally try to delay proceedings.  And I sure
14     wouldn't delay him trying to get out with regards to
15     -- why don't I go get Dr. Spencer?
16          I believe if I put Mr. Lewis on the stand there
17     may be conflict between he and Dr. Spencer.
18          Mr. _____:  _____
19     he's accusing Dr. Spencer of perjury.  So I'd be an
20     idiot if I then had him come down and talk about the
21     facts.
22          Mr. Baldwin:  That's not quite what the
23     conversation was in it.
24          THE COURT:  I think Dr. Spencer has a material
25     interest in the case and would not be neutral and
```

```
00054
   1    detached evaluation that the court would need before
   2    determining whether Lionel was competent or not
   3    competent.
   4         Mr. Rosenbaum:  Lionel - finally, your Honor, I'm
   5    just raising this now; obviously, he has sudden memory
   6    loss.  I raised it a week ago and grappled with
   7    Mr. Lewis whether I should take emergency writ, but
   8    now I'm to the stage I call Mr. Lewis or I don't.
   9         And I'm looking at a young child who can't make
  10    up his mind.  And it's worse than that.  I don't want
  11    to delay anything and waive privilege, but I would
  12    request competency --
  13         THE COURT:  He can't make up his mind is not a
  14    basis for competency.  I think acceding to the wishes
  15    of his mother, who you had requested and I granted
  16    opportunity to talk for the past ten or fifteen
  17    minutes, is not a basis for competency.
  18         The question is whether Lionel Tate is allowing
  19    Mr. Lewis to take the witness stand or not take the
  20    witness stand; but when he takes the witness stand,
  21    then everything is fair game.
  22         And let the record reflect that Mr. Tate is
  23    nodding his head in the affirmative.
  24         Do you understand that, Lionel?
  25         The Defendant:  Yes, sir.
```

```
00055
 1          THE COURT: And you understand that if I allow
 2     you to call -- allow your co-counsel to call
 3     Mr. Lewis, that everything that he's talked to you
 4     about could very well come out. Do you understand
 5     that, come out in front of everybody; do you
 6     understand that?
 7          Mr. Rosenbaum: Judge, let the record reflect his
 8     eyes are moving around in disbelief and doesn't
 9     understand.
10          THE COURT: Now why did you put in disbelief?
11     What is the basis of the statement? His eyes are
12     moving around, yes. I'm not going to accept your
13     evaluation of disbelief or otherwise, Mr. Rosenbaum.
14     You're just adding gratuitous words. And let's be
15     accurate what the record is going to show.
16          Mr. Rosenbaum: Yes, sir.
17          THE COURT: I asked Mr. Tate if he understood,
18     and his answer was one, shaking of his head. If
19     you allow Mr. Lewis to take the witness stand, that
20     everything he and you talked about could come out.
21     Anything.
22          Do you understand that, that it could be brought
23     out in front of everybody?
24          He says no. Okay. All right.
25          I think under rule 3.110 -- I think both of you
```

```
00056
  1    have a copy of the rule in front of you, okay?  And
  2    material stage of criminal proceedings is regarding
  3    trial, pretrial hearings, entry of plea, sentencing
  4    hearings and issues regarding defendant's compliance
  5    and all other issues dealing with competency or
  6    incompetency, okay?
  7         The indication would be if Mr. Lewis was to
  8    testify that there would be a final witness on motion
  9    for new trial?
 10         Mr. Rosenbaum:  Yes, sir.
 11         THE COURT:  Okay.  I'm going to have him
 12    evaluated.  And now my question is by whom has not
 13    been involved in this case?  Is there anybody in the
 14    county that has not had some involvement in the case?
 15         And I'm sure the second issue is anybody could do
 16    the evaluation between now and next Friday, and that
 17    would be the first order of business.
 18         Rules are very clear, and that is if there is
 19    sufficient evidence to show that there is incompetency
 20    to proceed to sentence, then I cannot proceed to
 21    sentencing.
 22         I'm also advised that if I denied your hearing
 23    at this particular point, that I would get ordered by
 24    the 4th District Court of Appeals to have such a
 25    hearing.  And I'd rather do that while testimony is
```

```
00057
 1    fresh, rather than trying to recall what happened
 2    three or four or five or six months down the road.
 3         Okay, we're waiting for somebody upstairs to come
 4    down with a list of who is available. And each side
 5    pick a name and I'll pick a third.
 6         Proceeding further? No further motions for new
 7    trial?
 8         Mr. Rosenbaum: No, sir.
 9         THE COURT: Mr. Padowitz, you may proceed.
10         Mr. Padowitz: Judge, State would call Janet
11    Poblogar.
12         (Thereupon Ms. Poblogar entered the courtroom.)
13         Mr. Rosenbaum: Prior to her taking the stand, I
14    filed public records request, Chapter 113, two days
15    ago, of copies of any and all logs, copies of any
16    video tapes taken at the State Attorney's Office on
17    the 6th floor. And if there are any, best physical
18    evidence.
19         THE COURT: She'll tell us.
20         Mr. Rosenbaum: I would ask prior to her
21    testifying.
22         Mr. Padowitz: I'm not aware of any.
23         Ms. McCann: I believe if the court is indulging
24    in the defendant's motion for competency here and
25    you're getting a list of experts to review, I don't
```

00058
1  think it's proper that we continue with proceedings at
2  this point if there's a question as to the defendant's
3  competency.
4  THE COURT: Just have a seat for a second.
5  I'm going to take this witness's testimony as far
6  as the visiting of the State Attorney's Office. We
7  might have to revisit it before we go with any further
8  witnesses. She's already here on the stand.
9  She's not a fact-witness as to the trial itself.
10 And as to that one particular issue, as far as first
11 day of trial and visitation, if I have to do it in the
12 future...
13 Swear the witness.
14 Thereupon,
15                Janet Poblogar,
16 having first been duly sworn to tell the truth,
17 the whole truth, and nothing but the truth, was
18 examined and testified as follows:
19                DIRECT EXAMINATION
20 The Clerk: Thank you. Please be seated. Would
21 you speak into the microphone and state your full name
22 for the record and spell your last name.
23 THE WITNESS: Janet Ruth Poblogar,
24 P-O-B-L-O-G-A-R.
25 Q  (By Mr. Padowitz) Good afternoon.

```
00122
 1    A    I don't know.
 2    Q    When you were explaining the consequences of the
 3    evaluation, did you explain that to Lionel's mother?
 4    A    Again, yes. I explained it to Lionel, his mother
 5    and Dr. Spencer was in the room. I didn't meet with
 6    Lionel or the mother together without Dr. Spencer being in
 7    the room. We both went over the parameters of the
 8    evaluation and then Dr. Spencer brought me to the
 9    conference room with Lionel Tate.
10    Q    Thank you, doctor. One last question. Do you
11    have any written releases in your file?
12    A    No.
13    Q    Thank you.
14         THE COURT: Redirect?
15         Mr. Padowitz: No, your Honor.
16         THE COURT: Thank you, Dr. Carter.
17         Next witness?
18         Mr. Padowitz: Your Honor state has no further
19    witnesses.
20         THE COURT: Anything further from the defense on
21    motion for new trial?
22         Mr. Rosenbaum: Judge, I renew my request and I
23    need to make a determination on calling Mr. Lewis.
24         THE COURT: What are you asking for?
25         Mr. Rosenbaum: I'm asking for a competency
```

```
00123
  1     evaluation.
  2          THE COURT:  I denied that.
  3          Mr. Rosenbaum:  I would ask for a five-minute
  4     break so Dr. Spencer can come up and try to assist me
  5     in finding out what Lionel's decision is going to be.
  6          Mr. Padowitz:  Just so the record reflects that
  7     there is a --
  8          THE COURT:  I know Dr. Butts is here.
  9          Mr. Padowitz:  Dr. Butts is present and sitting
 10     with the defendant as well as three defense attorneys
 11     sitting at the table.
 12          Mr. Rosenbaum:  Dr. Butts is not a psychologist.
 13          THE COURT:  Is there required to have a
 14     psychologist come talk to him?  Dr. Butts has been
 15     talking with him through the hearing.  And very often
 16     Dr. Butts off and on talks to media for him.
 17          We're in recess for three or four minutes.  Make
 18     your determination.  We're going to finish up the
 19     hearing this afternoon.
 20          (Thereupon, a short break was taken; afterwhich
 21     the following proceedings were had.)
 22          THE COURT:  Okay we're back in session the
 23     defendant is present with counsel, State's present.
 24          Mr. Padowitz:  Judge, prior to break I had
 25     indicated that I had no further witnesses.  I believe
```

00124

```
00124
```

1  I spoke too soon and I ask court's permission under
2  Florida statute 960.001 sub section (5) that the
3  victim have right or family have right to be present
4  and to be heard when relevant at all crucial stages of
5  criminal proceedings.
6     And since the court has allowed flexability as
7  far as - I mean next I want the natural - victim's
8  father, Mr. Mark James is present in the courtroom and
9  wants to be heard on motion for new trial filed by
10  defense.
11     THE COURT: Let's finish up this first.
12     Mr. Rosenbaum  I'd object to that.
13     THE COURT: Let me finish up with Dr. Spencer's
14  consultation and see which way they're proceeding.
15     Mr. Rosenbaum: Judge, I'm in a difficult
16  position as defense lawyer because I have a few things
17  I need to do. I have, number one, explain what waiver
18  of attorney-client privilege means.
19     Number two, I have to explain the words in
20  statute and four-page waiver that I drafted. I then
21  have to explain the concept and how to put it all
22  together.
23     And you've heard about neuropsychology testing
24  and the fact that Lionel is functioning at 4th grade
25  level. I'd like to do something out of the ordinary

3-2-A.PRT     Page 124

00125
```
 1    and which approaches exparte en camera and reveal what
 2    Lionel is saying to me that leads me to believe that
 3    he's not competent.
 4         THE COURT:  Okay.  Request denied.  And I'm not
 5    -- the rules are very specific and unless there's a
 6    provision in the rules for ex parte.
 7         Ms. McCann:  No, your Honor.
 8         THE COURT:  I'm not aware of any.
 9         Mr. Lewis:  I believe court has inherent power.
10         THE COURT:  I inclined to exercise that apparent
11    power.  Now the fact that whether the issue whether
12    bullets may or may not test are not issue raised in
13    past hour or two.  These are issues that deal with
14    heart of the motion of new trial and these are issues
15    that in proffering being resolved for a number of
16    weeks now, from the first day.
17         Now fish or cut bait time.  Either call Mr. Lewis
18    or - you asked for a break to discuss it with your
19    client and discuss it with client's mother and discuss
20    it with Dr. Spencer, who was up here.  And you've had
21    what I consider ample opportunity.  Now let me near
22    from Tiffany's father.  And it will be over your
23    objection.
24         Mr. James?
25         It's like this ground for new trial.  This is not
```

```
00131
  1    Lionel Tate.  And I think my daughter has paid the
  2    ultimate price right now.
  3              And I figured that if he goes one of us on the
  4    road right now and endeavor to rob us and we stopped and
  5    he has a gun in his hands, he would not think twice to
  6    pull that trigger.  So we need to be protected from Lionel
  7    Tate and that's what I'm asking the the court to go ahead
  8    and render justice which is life imprisonment.
  9              Mr. Padowitz:  No further questions.
 10              Mr. Lewis:  No question, your Honor.
 11              THE COURT:  Mr. James, you may step down.
 12              THE WITNESS:  Thank you very much, your Honor.
 13              THE COURT:  Mr. Rosenbaum?
 14              Mr. Rosenbaum yes, sir?
 15              THE COURT:  Call your witness or rest.
 16              Mr. Rosenbaum:  I rest.
 17              THE COURT:  Thank you.  This court will be in
 18    recess until nine o'clock Friday morning.
 19              Mr. Lewis:  Will you entertain argument as to
 20    motions having to do with reducing the verdict at that
 21    time.  I request that you allow us to make argument at
 22    that time as opposed to right now.
 23              THE COURT:  I need time to repleat and read my
 24    notes; so, yes, I will be entertaining written orders.
 25    Obviously, I'm not ready to import my findings today,
```