UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>L. BRENT BOZELL, III, an individual; MEDIA RESEARCH CENTER, INC., a Virginia non-profit corporation, d/b/a Parents Television Council; PARENTS TELEVISION COUNCIL, INC., a Delaware non-profit Corporation; JAMES LEWIS, an Individual; MARK HONIG, an Individual; CYNTHIA DELORES TUCKER, an individual; and Various John and Jane Does,<br><br>Defendants. | CASE NO. 00-CIV-8616 (DC) (Southern District of New York)<br><br>CASE NO.: 01-7913 CIV Hurley<br>Magistrate Lynch |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
JAMES LEWIS'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

Plaintiff World Wrestling Federation Entertainment, Inc. ("WWFE") respectfully requests that the Court deny Defendant James Lewis's Motion to Quash a Rule 45 document subpoena that WWFE served on Richard L. Rosenbaum, because the grounds set forth in the motion are without factual or legal merit.

*First*, the objections that Lewis either "adopts" or repeats from Rosenbaum's Motion to Quash are unavailing for the reasons set forth in WWFE's Response to Rosenbaum's Motion.[1]

---

[1] These include objections on the grounds of "public availability," "attorney work product," and "attorney-client privilege." WWFE will not waste the Court's time by repeating in

***Second***, Lewis's objection that certain requested documents are "judicially privileged" misses the point of the subpoena. WWFE does not seek to hold Lewis liable for statements he made in defense of his client *in court*; however, the requested in-court documents are relevant to Lewis's waiver of the attorney-client privilege and his knowledge of facts that show the falsity of his *out-of-court* statements to the media.

***Third***, Lewis's attempt to claim a Fifth Amendment privilege on behalf of his former client must fail, because (a) Lewis lacks standing to claim the privilege; (b) his blanket assertion of privilege cannot support the Motion to Quash; and (c) production of the documents requested does not implicate any Fifth Amendment privilege.

In sum, Lewis asserts no legally valid grounds for Rosenbaum's refusal to comply with the subpoena, and WWFE respectfully requests that the Court deny Lewis's Motion To Quash.

## FACTUAL BACKGROUND

In its Response to Richard Rosenbaum's Motion To Quash Or, In The Alternative, For Protective Order, WWFE sets forth a detailed summary of facts that show the invalidity of both Rosenbaum's and Lewis's objections to the Rule 45 subpoena. *See* WWFE's Response at 3–17. WWFE will not burden the Court by repeating those facts here. Instead, WWFE will focus on the new arguments that Lewis raises in his untimely Motion to Quash.[2]

---

this brief its arguments that defeat those objections and, instead, will simply incorporate it arguments by reference herein.

[2] Lewis claims he had no notice of the subpoena. The record cannot support this claim. On December 14, 2001, WWFE's counsel mailed copies of the Rule 45 subpoena to all counsel of record, including Michael Quarequio, Lewis's counsel. The mailing was not returned. We must assume, therefore, that Lewis's counsel received it.

# ARGUMENT

## I. LEWIS'S "COPYCAT" OBJECTIONS ARE WITHOUT MERIT.

In its Response to Richard Rosenbaum's Motion To Quash Or, In The Alternative, For Protective Order, WWFE laid out the facts and the law that defeat Rosenbaum's objections on the grounds of "public availability," "attorney work product," and "attorney-client privilege." *See* WWFE's Response at 17–29. In his Motion to Quash, Lewis advances no additional or different argument in support of any of these objections. Consequently, in the interests of judicial economy, WWFE will simply incorporate by reference its argument on those objections in this Response.

WWFE will make only two additional points with regard to these objections. ***First***, the Court should recall that Lewis denied any possession, custody, or control over the documents subject to the subpoena. Therefore, he has no standing to assert, and has waived, any objections on the grounds of "undue burden," "public availability," or "relevance." Short of a privilege claim, Lewis has no basis to be objecting to this third-party subpoena.[1]

***Second***, in support of his argument that *his own* media disclosures of purportedly confidential attorney-client communications did not waive the privilege, Lewis, unlike Rosenbaum, cites *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 753 F. Supp. 936, 939 (S.D. Fla. 1991). *See* Lewis Motion To Quash, at 4. This case is wholly irrelevant here. In *Georgetown*, the Court merely held that an *inadvertent* disclosure of a transcript containing attorney-client communications was not a waiver of the privilege. *Id.* at 939. Setting aside the fact that other

---

[1] Moreover, it is inconceivable that Rosenbaum did not alert Lewis to the subpoena upon his receipt of it on December 13. Even if not, Rosenbaum's December 21 Motion certainly gave Lewis notice. Lewis did not file his own Motion until January 3, 2002, long after the date for compliance and, undoubtedly, long after he knew about the subpoena.

Kirkpatrick & Lockhart LLP

courts have found a waiver even where disclosure was "inadvertent," the defamatory statements that Lewis repeatedly made as he traveled the "talk show circuit" can hardly be construed as "inadvertent."

## II.  LEWIS'S CLAIMS OF "ABSOLUTE PRIVILEGE" ARE IRRELEVANT HERE.

In his Motion, Lewis argues cursorily that WWFE is not entitled to *any* documents disclosed in court in the Tate case, because " all statements made in a judicial proceeding are absolutely privileged." Lewis Motion to Quash at 3 (citing *Fridovich v. Fridovich*, 598 So. 2d 65, 66 (Fla. 1992)).  Setting aside the inapplicability of Florida law to this New York case, the argument is irrelevant, because WWFE is not seeking to hold Lewis *liable* for otherwise defamatory statements he made *in court* in defense of his client, Lionel Tate. Rather, the requested materials are relevant in at least two other respects.

***First***, the documents at issue reflect statements that Lewis made *in public* and *in the presence of his client.*  To the extent that such statements reflect purportedly confidential communications between Lewis and Tate, they operate as a waiver of the attorney-client privilege. *See, e.g.*, WWFE's Response at 25-29 (explaining how Lewis's and Tate's public disclosures of purportedly confidential communications waives the attorney-client privilege).

***Second***, the requested court documents also contain statements made *not* by Lewis, but by other participants in the Tate criminal trial in Lewis's presence.  To the extent that these statements reflect facts proving the falsity of Lewis's "wrestling defense" concoction, they help to demonstrate Lewis's *malice* in continuing to flog the defense in the media, even in the face of such contrary facts.  Given that malice is an element of WWFE's defamation claim against Lewis, any such documents are relevant. *See, e.g.*, WWFE's Response at 19-20.

III.   **LEWIS'S "FIFTH AMENDMENT" OBJECTION IS WITHOUT MERIT.**

    A.   **Lewis Has No Standing To Assert The Fifth Amendment Privilege.**

"It is well settled that the privilege against self-incrimination is a personal one, and it cannot be invoked by a third-party to protect someone else." *United States v. Schenectady Savings Bank*, 525 F. Supp. 647, 651 (S.D.N.Y. 1981) (quoting *Couch v. United States*, 409 U.S. 322, 328 (1976)). That is exactly what Lewis seeks to do here.

Unfortunately for Lewis, "the Fifth Amendment 'was never intended to permit [a person] to plead the fact that some third person might be incriminated by his testimony, even though he [may be] the agent of such person . . . ,'" *In re Grand Jury 83-8 (MIA) Subpoena Duces Tecum*, 611 F. Supp. 16, 21 (S.D. Fla. 1985) (quoting *Hale v. Henkel*, 201 U.S. 43, 69-70 (1906)). Thus, even if Lewis claims a continuing agency relationship with Tate,[3] Lewis has no legal basis for objecting to a document production from a third party on "Fifth Amendment" grounds. *See United States v. Mandujano*, 425 U.S. 564, 572 (1976) (holding that the Fifth Amendment privilege cannot be asserted by a witness to protect others from possible criminal prosecution). In short, even if such a defense to production were available – which, the following sections show, it is not – Lionel Tate is the only person who could assert such a privilege.

    B.   **Lewis's Blanket Assertion Of Privilege Is Invalid.**

Even if Lewis had standing to invoke a "Fifth Amendment" privilege on Tate's behalf, Lewis's blanket assertion of "privilege" (a) is insufficient to support a Motion To Quash, and (b) constitutes a waiver of any privilege that might otherwise have existed. *See United States v. Kowalik*, 809 F. Supp. 1571, 1577 (S.D. Fla. 1992), *aff'd*, 12 F.3d 218 (11th Cir. 1993);

---

[3]    Lewis is no longer Tate's attorney; Rosenbaum is. There is nothing in the record to suggest that Tate still employs Lewis or that he has authorized Lewis to assert any privilege on his behalf, even assuming that Tate could do so.

*United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir. 1991) (holding that a blanket refusal to produce documents or to testify will not support a Fifth Amendment claim). For one to invoke the Fifth Amendment privilege successfully, "the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim." *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 487. (4th Cir. 1987). *See also United States v. Pierce*, 561 F.2d 735, 741-742 (9th Cir. 1977) (holding that blanket assertion of Fifth Amendment privilege constitutes a waiver of the privilege).

As with his failure to produce a "privilege log," Lewis's utter failure to specify his claim to a "Fifth Amendment" privilege on behalf of Tate waives whatever privilege might otherwise have existed.

    **C.**    **The Fifth Amendment Is Irrelevant To The Document Subpoena.**

Even assuming, *arguendo*, that Lewis had standing to assert Tate's "Fifth Amendment" privilege *and* that Lewis had properly supported the claim with a "log" of allegedly privileged documents, the Fifth Amendment claim would still fail, because production of the requested documents does not even *implicate* the Fifth Amendment.

The Fifth Amendment to the United States Constitution reads, in pertinent part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. Thus, the Fifth Amendment protects persons only from *compelled* self-incrimination in a criminal case. *See Fisher v. United States*, 425 U.S. 391, 396 (1976). Where the requested discovery does not *compel* an individual to give any form of testimonial evidence, however, the Fifth Amendment is inapplicable. *See, e.g., United States v. Hubbell*, 530 U.S. 27, 35 (2000) (holding that "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not

'compelled' within the meaning of the privilege"). In other words, unless one is compelled to create the document at issue, the Fifth Amendment is no defense to production.

In this case, requiring Rosenbaum to produce the documents requested in the subpoena would not *compel* Lionel Tate (the holder of the privilege) to do anything. "A subpoena that demands production of documents does not compel oral testimony; nor would it ordinarily compel the [objector] to restate, repeat, or affirm the truth of the contents of the documents sought." *United States v. Doe*, 465 U.S. 605, 610-611 (1984) (quoting *Fisher*, 425 U.S. at 409)). Likewise, the Rule 45 subpoena at issue does not compel Tate to give oral testimony or to restate, repeat, or affirm the truth of the contents of any document WWFE seeks. In short, "'a party is privileged from producing evidence, but not from its production.'" *Fisher*, 425 U.S. at 399 (quoting *Johnson v. United States*, 228 U.S. 457, 458 (1913)).

In sum, the Fifth Amendment is no defense to compliance with the subpoena *duces tecum* in this case. Although Lewis's failure to specify *which* documents are allegedly so "protected" prevents WWFE from addressing them individually, Lewis's shortcomings are moot. Because the subpoena does not *compel* Tate to produce any testimonial evidence, the Fifth Amendment is irrelevant to a consideration of the pending Motions to Quash.

**Kirkpatrick & Lockhart** LLP

## CONCLUSION

Lewis's "copycat" objections to the subpoena fail for the same reasons that Rosenbaum's fail. Lewis's additional arguments of "relevance" and "Fifth Amendment privilege" are likewise without merit, because the documents are clearly relevant to WWFE's claims and do not implicate any Fifth Amendment concerns. Therefore, WWFE respectfully requests that the Court deny Lewis's Motion to Quash in its entirety and order the immediate production of all the requested documents.

Respectfully submitted,

**KIRKPATRICK & LOCKHART LLP**
Attorneys for World Wrestling
  Federation Entertainment, Inc.
Miami Center - 20th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

By _____
Daniel A. Casey
FL Bar No. 327972

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 23rd day of January, 2002, via United States, mail on the following counsel:

**Thomas A. Leghorn, Esquire**
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017-5639

**Michael J. Quarequio, Esquire**
500 Southeast 6th Street, Suite 100
Fort Lauderdale, Florida 33301

**Robert R. Sparks, Jr., Esquire**
Herge, Sparks & Christopher, LLP
6862 Elm Street, Suite 360
McLean, VA 22101

**Stephen Zukoff, Esquire**
19 West Flagler Street, Suite 510
Miami, Florida 33130

**Robert C. Buschel**
Buschel, Carter, Schwartzreich & Yates
201 S.E. 8th Street
Fort Lauderdale, FL 33316

_____
Daniel Casey